J-S51037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
JOSE SANTIAGO   :
  :
  Appellant   :   No. 644 EDA 2017

Appeal from the PCRA Order January 13, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002649-2011,
CP-15-CR-0002721-2010

BEFORE:   BOWES, SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED AUGUST 14, 2017**

Appellant Jose Santiago appeals *pro se* from the Order entered in the

Court of Common Pleas of Chester County on January 13, 2017, dismissing

as untimely his second petition filed pursuant to the Post Conviction Relief

Act (PCRA).[1] Because this petition is untimely without an applicable

exception, we affirm.

A prior panel of this Court set forth the relevant factual and procedural

history herein:

> The PCRA court summarized the facts of the case as
> follows.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On March 26, 2012, Appellant pled guilty to three counts of rape, three counts of involuntary deviate sexual intercourse, and one count of aggravated indecent assault.[1] At his plea hearing, Appellant admitted that he engaged in sexual intercourse and deviate sexual intercourse with his daughter and with two of his nieces, all of whom were minors at the time of his crimes. He also admitted to digitally penetrating the genitals of another daughter, who was also a minor at the time of the crime. He was sentenced that day to a term of imprisonment of twelve and one-half to twenty-five years.

On February 21, 2013, Appellant filed a *pro se* PCRA petition. [The PCRA court] appointed him PCRA counsel on February 27, 2013. On April 29, 2014, counsel moved to withdraw his representation, having found no issue that would entitle Appellant to post-conviction relief. [The PCRA c]ourt also conducted an independent review of the file and of the record, which review revealed that Appellant's plea was entered into knowingly, voluntarily and intelligently, and that his sentence was legal. Thus, on June 6, 2013, [the PCRA court] entered an order giving Appellant the mandatory twenty day notice of [its] intention to dismiss his PCRA petition without a hearing.

Appellant responded to this notice on June 27, 2013. In his response he raised a somewhat ambiguous claim that he requested his trial counsel to file a direct appeal of his sentence…. Accordingly, [the PCRA court] scheduled a hearing on this issue [alone and ordered PCRA counsel to continue to represent Appellant].

Appellant's PCRA hearing was held on October 1, 2013. The evidence presented at the hearing revealed that Appellant never requested his trial counsel to file a direct appeal of his sentence. For that reason, on February 26, 2014, [the PCRA court] denied Appellant's petition under the [PCRA]. …

PCRA Court Opinion, 4/7/2014, at 1-2 (citations omitted).

Appellant, *pro se*, filed a notice of appeal on March 6, 2014. On March 18, 2014, the PCRA court entered an order granting PCRA counsel leave to withdraw, and Appellant proceeded *pro se* in this Court. For reasons stated in our memorandum of October 7, 2014, we remanded the case for the

appointment of counsel and retained panel jurisdiction. Counsel was appointed, both counsel and the PCRA court thereafter complied with Pa.R.A.P. 1925, and the parties have submitted new briefs to this Court.

_____

[1] In exchange for his guilty pleas to these counts, the Commonwealth withdrew over 1,600 additional counts against Appellant. N.T., 3/26/2012, at 12.

*Commonwealth v. Santiago*, No. 808 EDA 2014, unpublished memorandum at 1-2 (Pa.Super. filed September 4, 2015).

In his first PCRA petition, Appellant argued the trial court had erred in accepting his guilty plea, and this Court found Appellant waived this issue for his failure to raise it on direct appeal. *Id*. at 3. This Court further determined that to the extent Appellant claimed trial counsel was ineffective for failing to file a post-sentence motion or a direct appeal challenging the validity of his plea, the PCRA court had not erred or abused its discretion in rejecting such claims. *Id*. at 3-6. On October 9, 2015, Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, and the Supreme Court denied Appellant's petition on March 8, 2016. *See Commonwealth v. Santiago*, 134 A.3d 56 (Pa. 2016) (Table).

On December 6, 2016, Appellant filed the instant PCRA petition, his second, *pro se*. Therein, Appellant claimed his constitutional rights had been violated, trial counsel had been ineffective, and that the trial court abused its discretion in permitting counsel to withdraw. The PCRA court filed a notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907(1) on

December 21, 2016, and Appellant filed a response thereto on January 6, 2017, claiming that his petition was timely because he filed it within one year of the denial of his initial PCRA petition. Upon review, the PCRA court concluded that Appellant's contentions were non-meritorious and dismissed the petition on January 13, 2017.

Appellant filed his notice of appeal from the PCRA court's Order on February 6, 2017. In his concise statement of errors complained of on appeal, Appellant argued that because his first PCRA petition resulted in the reinstatement of his direct appeal rights *nunc pro tunc*, the instant PCRA petition was technically his first and, therefore, timely. The trial court issued an Opinion pursuant to Pa.R.A.P. 1925(a) on April 10, 2017.

In his brief, Appellant presents the following Statement of the Questions Involved:

> 1. Did the [c]ourt below misconstrue timeliness of [A]ppellant[']s PCRA without regard or allowance of amendment?
>
> 2. Did the court below ignore the actual innocence exception to timeliness?

Brief for Appellant at iv.

"Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted), *appeal denied*, 600 Pa. 733, 963 A.2d 470 (2009). Before we address the

- 4 -

merits of either issue Appellant has raised, we must first determine whether the instant PCRA petition was timely filed, for it is well-settled that if a PCRA petition is untimely, a trial court has no jurisdiction to entertain the petition. *See Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa.Super. 2000).

A PCRA petition, including a second or subsequent one, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The petitioner bears the burden to allege and prove one of the enumerated exceptions to the one-year time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa.Super. 2008) (finding that to invoke a statutory exception to the PCRA time-bar, petitioner must properly plead and prove all required elements of the exception). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." *Commonwealth v. Walters*, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted) *see also* 42 Pa.C.S.A. § 9545(b)(2).

As the PCRA court aptly found, Appellant erroneously reasons that his first PCRA petition resulted in the reinstatement of his direct appeal rights *nunc pro tunc*. In our memorandum decision filed on October 4, 2014, this Court remanded the matter to the PCRA court for the appointment of counsel who was to file a 1925(b) statement *nunc pro tunc*, after which the PCRA court was directed to file either a new 1925(a) opinion or a statement indicating that it relied upon its prior opinion. We further indicated that upon the return of the record to this Court, the Prothonotary would enter a new briefing schedule at which time counsel may file either an advocate's

brief or a petition to withdraw along with a ***Turner/Finley***[2] brief addressing the issues Appellant wishes to raise on appeal. ***Commonwealth v. Santiago***, No. 808 EDA 2014, unpublished memorandum at 5-6 (Pa.Super. filed October 4, 2014). On remand, counsel was appointed, and both the PCRA court and counsel complied with Pa.R.A.P. 1925. In our subsequent memorandum decision filed on September 4, 2015, this Court affirmed the PCRA court's Order denying Appellant's first PCRA petition, not his judgment of sentence.

Appellant entered a guilty plea on March 26, 2012, and was sentenced that day. Appellant did not file a direct appeal; therefore, his judgment of sentence became final thirty days thereafter on April 25, 2012. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking that review). Thus, Appellant had until April 25, 2013, to file a timely PCRA petition; however, Appellant did not file the instant petition until December 6, 2016; therefore, it is patently untimely under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Gamboa–Taylor***, 562 Pa. 70, 753 A.2d 780 (2000). Consequently, Appellant is not entitled to relief on his first claim.

---

[2]***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Appellant next avers the instant PCRA petition is timely under what he terms the "actual innocence exception" to the PCRA time-bar. Though he opines that "the particulars of the actual innocence claim is not within the purview of This Court[,]" Appellant reasons that one's "[a]ctual innocence cannot be waived." Appellant's Brief at 2. Appellant further states that as a result of multiple gunshot injuries he sustained years before the date of the alleged offenses, he was rendered "paralyzed from the poin[t] of impact south" making the reports filed by the victims "wholly fictitious." *Id*.

This claim is cognizable under the PCRA and, therefore, is subject to the PCRA time-bar. *See Commonwealth v. Abu-Jamal*, 574 Pa. 724, 738, 833 A.2d 719, 728 (2003) (holding that although the term "actual innocence" is not used in 42 Pa.C.S.A. § 9543 which enumerates cognizable claims under the PCRA, because the PCRA specifically states it is meant to provide a means of relief for those convicted of crimes they did not commit and constitutes the sole means of obtaining collateral relief, a claim of "actual innocence" is cognizable under the PCRA rather than in a writ for *habeas corpus*). However, Appellant did not raise this claim in his PCRA petition or in his response to the PCRA court's Rule 907 notice, and instead asserted it for the first time in his Rule 1925(b) statement. A PCRA petitioner must plead and prove his allegation of error has not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at

trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b). Therefore, this claim is waived.

Even if Appellant properly had preserved this issue on appeal, the timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001).

Certainly, Appellant was aware of his alleged gunshot injuries and resultant paralysis at the time he entered his guilty plea, for by his own admission the injuries were sustained "[y]ears prior to the supposed rapes." Appellant's Brief at 2. Yet, he has failed to explain why he did not raise this issue in a timely PCRA petition or within sixty days of the date on which this claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2); ***Walters***, ***supra***.

For the foregoing reasons, Appellant's PCRA petition is untimely and he has failed to invoke successfully any exception to the statutory time-bar. As

such, the PCRA court correctly determined it lacked jurisdiction to address the merits of Appellant's substantive claims, and we discern no other basis on which to disturb the PCRA court's dismissal of Appellant's petition as untimely.   Accordingly, we affirm.

Order Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/2017